KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: kkaiser@agutah.gov

*Attorneys for State Defendants*

---

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EARLE JENSEN,<br><br>                    Plaintiff,<br><br>v.<br><br>BUREAU OF CRIMINAL IDENTIFICATION, MARCUS YOCKEY and BARRY LAWRENCE,<br><br>                    Defendants. | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:19-cv-00168-DBP<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION AND BACKGROUND

The Utah Bureau of Criminal Identification refused Plaintiff Earle Jensen's request for a certificate of eligibility to expunge part of his criminal history records. Jensen appealed, Assistant Utah Attorney General Marcus Yockey defended the Bureau's decision, and Utah Third District Judge Barry Lawrence affirmed the decision.

In this case, Jensen has sued the Bureau for apparently incorrectly refusing the certificate and AAG Yockey and Judge Lawrence for their advocacy offered and decisions rendered in the state court appeal.

The Bureau, Judge Lawrence, and AAG Yockey filed a motion to dismiss in this case, arguing that the Bureau was not subject to suit, that Judge Lawrence was entitled to absolute judicial immunity, that AAG Yockey was entitled to absolute prosecutorial/government defense attorney immunity, and that even if the entities and individuals weren't immune, Jensen's complaint failed to state a claim.[1] Since then, Jensen has sought a hearing,[2] and inappropriately moved for default judgment.[3]  Now, Jensen has filed a two-page motion for summary judgment,

---

[1] *See generally* Defs.' Mot. to Dismiss (Doc. 10).
[2] *See* Req. for Hr'g (Doc. 12).
[3] *See* Req. for Mot. for Default J. (Doc. 13).

arguing that he is entitled to $3.7 million for "lack of defendants['] response and [heinous] error of dishonesty and respect for the law."[4]

This motion should be denied. Jensen has not shown he is "entitled to judgment as a matter of law" as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 56(a). His motion fails both procedurally—he has not followed the local rules to set forth the facts forming the basis of his motion or legal authority showing he is entitled to relief—and substantively—he has not shown why judgment should be entered against any defendant. The motion should be denied (and, at the same time, Defendants' Motion to Dismiss should be granted).

## RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

Federal Rule of Civil Procedure 56(a) requires that, in support of a motion for summary judgment, a moving party must cite "to particular parts of materials in the record." Fed. R. Civ. P. 56(A)(1)(A). Likewise, Local Rule 56-1(b) requires that a moving party provide "[a] concise statement of the undisputed material facts that entitle the moving party to judgment" with evidence cited "with particularity … in the Appendix of Evidence that supports each factual assertion." DUCivR 56-1(b)(3). Jensen has not complied with these rules. Defendants therefore cannot provide a Response to the Statement of Undisputed Material Facts as required by DUCivR 56-1(c)(3). To the extent there are any facts in Jensen's motion

---

[4] Pl.'s Mot. for Summ. J. (Doc. 17) at 2.

considered by the Court, Defendants deny them for the reasons stated in the

Statement of Additional Material Facts.

## STATEMENT OF ADDITIONAL MATERIAL FACTS

Defendants incorporate their Statement of Facts from the Factual

Background from their Motion to Dismiss.  It is reproduced here.[5]

1. While Plaintiff Earle Jensen was travelling to Canada, he discovered he

   had outstanding criminal history in Utah which was making his entry into

   Canada difficult.[6]

2. Upon his return, Jensen received his criminal record, which he believed

   contained "2 situations, which was the same thing."[7]

3. He sought to expunge one of the entries.[8]  He began the process by

   seeking a certificate of eligibility for expungement from the Utah Bureau

   of Criminal Identification, as required by Utah law.[9]

---

[5] Because Defendants do not rely on any facts other than the Complaint, attachments thereto, and the documents attached to their Motion to Dismiss, and because Defendants will hyperlink to each of those documents, no appendix will be attached.

[6] Pl.'s Compl. ¶ 2. "A statement in an opposing party's pleadings qualifies as an admission, rendering it admissible for purposes of summary judgment." *Prepaid Teleconnect, Inc. v. City of Murrieta*, No. EDCV 15-2062-VAP (KKx), 2016 WL 1622609, at * 3 (C.D. Cal. Apr. 21, 2016) (not selected for publication).  A copy of any cases not selected for publication in an official reporter will be provided to the pro se plaintiff.

[7] Pl.'s Compl. at 2 ¶ 1.

[8] *Id.*

[9] Pl.'s Compl. at 2 ¶ 1; *see also* Utah Code § 77-40-103 (describing the process for expungement).

4. The Bureau refused to issue the certificate because Jensen did not, at the time, qualify.[10]

5. Jensen then filed a Petition for Judicial Review of Final Agency Action in Utah Third District Court, challenging the Bureau's decision not to issue the certificate of eligibility.[11]

6. The Petition was assigned to the Honorable Barry Lawrence, District Court Judge for the Utah Third Judicial District.[12]

7. Marcus Yockey, Assistant Utah Attorney General, was assigned to defend the Bureau's decision.[13]

8. AAG Yockey filed a motion for summary judgment, and then a reply memorandum, noting that Jensen's four convictions, occurring in 1991, 1992, and 2004, made Mr. Jensen ineligible for expungement, and the Bureau was prohibited by Utah law from issuing the certificate of eligibility.  (Docket, Ex. 2, at 1; Reply Mem. Supporting Mot. for Summ. J., Ex. 4, at 2–3; *see also* Utah Code § 77-40-105 (defining criteria disqualifying a person from receiving a certificate of eligibility)).

---

[10] Pl.'s Compl. at 2 ¶ 2.
[11] *See* Pet. for Review, *Jensen v. Utah–BCI* Case No. 160903361, attached to Defendants' Motion to Dismiss (Doc. 10) as Exhibit 1 (Doc. 10-1).  The docket for the case is attached to Defendants' Motion to Dismiss as Exhibit 2 (Doc. 10-2).
[12] Pet. for Review, Ex. 1; Pl.'s Compl. at 2.)
[13] Docket, Mot. to Dismiss Ex. 2 (Doc. 10-2), at 1; Reply Mem. Supporting Mot. for Summ. J., Ex. 4 to Mot. to dismiss (Doc. 10-4), at 2–3; *see also* Utah Code § 77-40-105 (defining criteria disqualifying a person from receiving a certificate of eligibility).

9.  Judge Lawrence agreed, rejecting Mr. Jensen's contention that some of the convictions should not be considered because they were old or from traffic court, and granted the Bureau summary judgment.[14]

10. Mr. Jensen then commenced this lawsuit in Third District Court, claiming he was entitled to "just compensation" for violation of his "constitutional rights – DOUBLE JEOPARDY" because he had "been charged twice for the same situation." [15]

---

[14] Ruling & Ord, *Jensen v. Utah-BCI*, at 3–6 (Sept. 1, 2016), attached to Defendants' Motion to Dismiss as Ex. 5 Doc. 10-5).
[15] Pl.'s Compl. at 1.

## LEGAL STANDARD

Summary judgment must be denied because Plaintiff has failed to meet the standards required for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate when there is no genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "A plaintiff moving for summary judgment has a higher burden than a defendant because he must show that there are no disputes as to any material fact for *every element* of the claim." *Kelly v. Advanta Corp.*, No. CIV 02-250 LH/RHS, 2003 WL 27385023, at * 1 (D.N.M. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (not selected for publication) (emphasis added).

## LEGAL ARGUMENT

Jensen seeks summary judgment, and a multi-million-dollar award, without complying with the procedural rules of summary judgment or the substantive requirements a § 1983 cause of action against the Bureau, Judge Lawrence, or AAG Yockey.  Jensen's motion must be denied.

### I.     Jensen's Motion Is Procedurally Deficient.

First, Jensen's motion may be denied purely because it is procedurally deficient. Jensen has not provided a statement of undisputed material facts, a statement of each claim or defense on which the party is seeking summary judgment, legal authority, or a citation to an appendix of evidence, as required by

Federal Rule of Civil Procedure 56(c) and DUCivR 56-1(b).  Jensen's failure to do

so is a basis to deny the motion. DUCivR 7-1(a) (noting that a failure to comply

with the requirements of the local rules regarding motions may result in sanctions,

including "(ii) denial of the motion"); *see Max Int'l, LLC v. Vitimmune, Inc.*, No.

2:11-cv-00970-DN, 2012 WL 868989, at * 2 (D. Utah. March 13, 2012) (not

selected for publication) (denying a motion for leave to amend because the moving

party failed to provide a memorandum of supporting authorities, in violation of the

local rules).  And Jensen's pro se status "does not relieve him of the obligation to

comply with procedural rules." *Murray v. City of Tahlequah, Okla.*, 312 F.3d

1196, 1199 n.3 (10th Cir. 2002).

In fact, Jensen appears to wrongfully place the summary judgment burden

on Defendants.  In his motion, he asserts that "[i]n accordance to Fed. R. Civ. P. 56

of federal law, the defendants have failed to provide and submit evidence of

answering plaintiffs' complaint." "Of course, a party seeking summary judgment

always bears the initial responsibility of informing the district court of the basis for

its motion …." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Jensen thus

has "both the initial burden of production on a motion for summary judgment and

the burden of establishing that summary judgment is appropriate as a matter of

law." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir.

2003). He has neither offered facts nor legal authority to show his entitlement to judgment.

These failures all warrant denial of Jensen's summary judgment motion.

## II.     Jensen's Motion Is Substantively Deficient.

Even if the Court overlooks the procedural infirmities of Jensen's motion, it still should be denied for the reasons stated originally in Defendants' Motion to Dismiss.  The Bureau cannot be liable because it is not subject to suit.  Judge Lawrence is entitled to judicial immunity.  AAG Yockey is entitled to prosecutorial/government defense immunity.  And none of the sued individuals or entities deprived Jensen of his protection against double jeopardy.

### A. The Bureau Is Not Subject to Suit.

Jensen is not entitled judgment against the bureau because the Bureau is not subject to suit for the reasons stated in Defendants' Motion to Dismiss. Defendants incorporate the facts and argument from their Motion to Dismiss to this Motion.  DUCivR  7-1(a)(4).  In particular, the Bureau is not a separate entity capable of suing and being sued, *see Kojima v. Lehi City*, No. 2:13-cv-000755-EJF, 2015 WL 4276399, at *4 (D. Utah July 14, 2015) (not selected for publication), and if Jensen's claims are construed as against the State, they are improper because the State is not a "person" subject to § 1983 liability or liability for monetary damages for alleged state constitutional violations. *Will v. Michigan Dep't of State*

*Police*, 491 U.S. 58, 72–74 (1989); *V-1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1428 n.1 (10th Cir. 1997).

Jensen has provided no authority demonstrating that the Bureau must be liable for monetary damages under any theory he advances, much less providing any authority defeating the binding precedent showing that the Bureau *cannot* be liable for monetary damages. Jensen is not entitled to summary judgment against the Bureau.

### B. Judge Lawrence Is Entitled to Judicial Immunity.

Jensen is not entitled to judgment against Judge Lawrence because he is entitled to judicial immunity for the reasons stated in Defendants' Motion to Dismiss. Defendants incorporate the facts and argument on this point from their Motion to Dismiss to this Motion. DUCivR 7-1(a)(4). In particular, Judge Lawrence is protected by judicial immunity because judges are shielded with absolute immunity from suit for money damages based on their judicial action, including suits pursuant to 40 U.S.C. § 1983, and for suits based on state law. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Forrester v. White*, 484 U.S. 219, 225-26 (1988); *Stein v. Disciplinary Bd. Of Supreme Court of NM*, 520 F.3d 1183, 1189-90 (10th Cir. 2008) (citing *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990)); *Bailey v. Utah State Bar*, 846 p.2d 1278, 1280 (Utah 1993) (recognizing judicial immunity barring state law cause of action).

In his Motion, Jensen argues that Judge Lawrence is not entitled to judicial immunity because, according to Jensen, Judge Lawrence did "HONESTLY … UPHOLD[] THE UNITED STATES LAW."[16] In other words, Jensen disagrees that Judge Lawrence properly ruled that Jensen was not entitled to expungement at that time.  But "[i]f judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error or was in excess of his authority." *Mireles*, 502 U.S. 9 at 12–13 (citations, quotations, and internal omission omitted). Even if Judge Lawrence acted "maliciously or corruptly" in ruling against Jensen, he would still be immune from suit. *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871).

For the reasons stated in the Motion to Dismiss, Judge Lawrence is immune from suit.  Jensen's allegations here that he did not "honestly uphold the law"— even if Judge Lawrence's ruling was legally incorrect, or even if it was entered maliciously—are insufficient to show that Jensen is entitled to summary judgment.

### C. AAG Yockey is Entitled to Prosecutorial/Government Defense Absolute Immunity.

Jensen is not entitled to judgment against AAG Yockey because he is entitled to government defense immunity for the reasons stated in Defendants'

---

[16] Pl.'s Mot. at 1.

Motion to Dismiss.  Defendants incorporate the facts and argument on this point from their Motion to Dismiss to this Motion.  DUCivR 7-1(a)(4).

Since Defendants filed their Motions to Dismiss, the Tenth Circuit has issued a new case confirming that government attorneys defending their clients in civil actions are immune from collateral § 1983 lawsuits based on their acts in the underlying lawsuit.  In *Benavidez v. Howard*, the Court granted absolute immunity to city attorneys who were sued under § 1983 for their actions defending a city clerk in an underlying declaratory judgment suit.  931 F.3d 1225 (10th Cir. 2019) (per curiam). The Court did not need to "tarry long in disposing" of the appeal against the attorneys, because they were entitled to absolute immunity.

"[A]bsolute immunity shields those acts undertaken by a government attorney in preparation for judicial proceedings *and* which occur in the course of his or her role as an advocate for the government." *Id.* Such immunity "is necessary to protect their independent judgment by freeing them from the possibility of harassment and intimidation associated with their defense of" government officials in judicial proceedings.  *Id.*

In that case, the acts of preparing for and filing a motion for protected order and arranging for the presentation of evidence by way of affidavit in support of the motion, were protected by absolute immunity. *Id.* In this case AAG Yockey did the same thing—appeared, drafted a motion, and argued his client's legal position.

*Benavidez* entitles Yockey to absolute immunity.  Therefore, Jensen is not entitled to summary judgment.

### D. Jensen Has Not Shown Entitlement to Judgment on his "Double Jeopardy" Claim on Its Merits.

Even if the Court ignores Jensen's procedural failures in his motion, or the immunities each defendant is entitled to, Jensen is still not entitled to summary judgment because he has not shown that he is "entitled to judgment as a matter of law" on his Double Jeopardy claim.  Fed. R. Civ. P. 56(a).

Jensen cites no authority for the proposition that any of the defendants violated Jensen's rights against double jeopardy. And the law is clear that they have not.  As argued in Defendants' Motion to Dismiss, the Double Jeopardy Clause applies to proceedings which are "essential[ly] criminal." *Breed v. Jones*, 421 U.S. 519, 528 (1975). The expungement procedure is not criminal. Even ignoring the civil nature of the proceeding, the Utah Legislature set criteria to have arrest or conviction records expunged, and the plaintiff did not qualify. This cannot be a double jeopardy violation, just as increasing a criminal punishment for prior criminal history is not a double jeopardy violation. E.*G., Witte v. United States*, 515 U.S. 389, 403 (1995).

## CONCLUSION

For the reasons stated above Defendants request that the Court deny Jensen's Motion for Summary Judgment and request that the Court dismiss the case with prejudice.


DATED:  August 28, 2019


OFFICE OF THE UTAH ATTORNEY GENERAL


/s/ *Kyle J. Kaiser*
Kyle J. Kaiser
Assistant Utah Attorney General
*Attorney for State Defendants*

## <u>CERTIFICATE OF MAILING</u>

     I certify that on August 28, 2019, I electronically filed the foregoing, **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**, using the Court's electronic filing system. I also certify that a true and correct copy of the foregoing was placed in outgoing, United States mail, postage prepaid, to the following:

Earle Jensen
1450 S Emery Street
Salt Lake City, UT  84101
*Pro Se*

                                */s/ Karen Stupeck*