IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EARLE JENSEN,<br><br>                Plaintiff,<br>v.<br><br>BUREAU OF CRIMINAL INFORMATION, MARCUS YOCKEY and BARRY LAWRENCE,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS, DENYING MOTIONS FOR HEARING, DEFAULT AND SUMMARY JUDGMENT<br><br>Case No. 2:19-cv-168 DBP<br><br>Magistrate Judge Dustin B. Pead |

The parties consented to the jurisdiction of the undersigned based upon 28 U.S.C. § 636(c). (ECF No. 9.) Presently before the court are five motions. Defendants have moved to dismiss. (ECF No. 10.) And Plaintiff Earle Jensen, who is acting pro se, has filed two motions for a hearing, (ECF No. 12, ECF No. 20), a Motion for Entry of Default (ECF No. 13) and a Motion for Summary Judgment. (ECF No. 17.) The court has carefully reviewed the memoranda submitted by the parties and relevant case law. After doing so, the court decides that under Local Rule 7-1(f), oral argument is unnecessary and the court will determine the motions on the basis of the written papers. As set forth below, the court will grant the Motion to Dismiss and deny Plaintiff's motions.

**BACKGROUND**

In reviewing a motion to dismiss the court sets forth the facts in a light most favorable to the Plaintiff and here, Plaintiff's pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, because Plaintiff is pro se. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Plaintiff Earle Jensen is a truck driver. While travelling to Canada to pick up a load assignment he was stopped at the border and discovered he had an

outstanding criminal record in Utah. Compl. ¶ 2, (ECF No. 2-2.) Mr. Jensen told the border agents he thought the convictions in his criminal record had already been dismissed based on a stipulation he previously signed. Upon returning to Utah, Plaintiff went to the Utah Bureau of Criminal Information[1] (Bureau) and obtained his record. It contained "2 situations, which was the same thing." *Id.* at p. 2. Plaintiff started expungement proceedings seeking a certificate of eligibility from the Bureau, but the Bureau informed Plaintiff that he had too many criminal episodes and therefore was not allowed to expunge. *See* Utah Code Ann. § 77-40-105 Eligibility for expungement of conviction – Requirements.

After being denied a certificate of eligibility, Plaintiff filed a petition for review with the Utah Third District Court challenging the Bureau's decision. Defendant Judge Barry Lawrence was assigned the petition and Defendant Marcus Yockey, Assistant Utah Attorney General, was assigned to defend the Bureau. Eventually Yockey filed a motion for summary judgment and Judge Lawrence agreed with the Bureau's decision rejecting Plaintiff's assertions that some of the convictions should not have been considered because they were old or from traffic court. Having failed in the petition for review, Plaintiff then filed this suit in Third District Court alleging he has been charged twice for the same situation, "not just one [sic] but 4 times." (ECF No. 2-2 p. 1.) This has allegedly violated Plaintiff's constitutional rights against double jeopardy and he is seeking "3.7 million dollars" as compensation. In the Complaint, Plaintiff states his "question is why was I charged twice for 3 situations when this is clearly in violation of my civil rights. And I should be entitled to 'JUST COMPENSATION.'" (ECF No. 2-2 p.2.)

---

[1] Plaintiff incorrectly named this party as the Bureau of Criminal Investigations. In the notice of removal, however, Defendants note that the Bureau of Criminal Information is a subdivision of the Utah Department of Public Safety. It is this entity "that makes determinations regarding the availability of expungement of criminal records pursuant to Utah law." Notice of Removal p. 2, ECF No. 2.

# DISCUSSION

## I.  Standard of Review

Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2] The court construes Defendants motion as a facial attack on the claims as pleaded. Therefore, the court applies the standards that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action. *See Muscogee (Creek) Nation v. Oklahoma Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010). In reviewing a 12(b)(6) motion to dismiss, the court views the allegations in the light most favorable to the plaintiff. *See Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cri. 2005). The truth of each well-pleaded allegation is presumed and dismissal is proper if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 500 U.S. 544, 570 (2007). Although the truth of all well-pleaded factual allegations is assumed and they are viewed favorably for the plaintiff, mere conclusions and recitation of the elements of a claim may not "raise a right to relief above the speculative level." *Id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is insufficient to set forth threadbare recitals of elements, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and a complaint that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient. *Twombly*, 550 U.S. at 555. A complaint must

---

[2] A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may take one of two forms. A facial attack looks to the factual allegations of the complaint in challenging the court's jurisdiction. A factual attack goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or other evidence to challenge the court's jurisdiction. *See Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir.2001).

consist of more than an "unadorned, the-defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678. In the context of a motion to dismiss, the court "may take notice of may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

## II. The Bureau of Criminal Identification is not a suable entity

Defendants argue Plaintiff cannot sue the Bureau because it is a governmental subdivision and there is no statutory authorization for it to be named as a Defendant. The court agrees.

Normally governmental subdivisions do not qualify as separate suable entities. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing the "City of Denver Police Department" because it is not a separate suable entity); *Fail v. W. Valley City*, 2006 WL 842910, at *2 (D. Utah Mar. 28, 2006) (noting the West Valley City Police Department is not a separate legal entity from West Valley City and thus could not sue or be sued); *Whayne v. State of Kansas*, 980 F.Supp. 387, 391 (D.Kan.1997) (subunit of city government is not itself a governmental entity subject to suit); *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (Sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983). The Utah state legislature has set forth those governmental entities that can sue or be sued: for example, Utah Code § 10–1–202 provides that municipalities may sue and be sued; § 17–50–302(2)(a)(i) allows counties to sue or be sued; § 17B–1–103(1)(b) permits a local district to sue or be sued; and § 54–1–1 allows people to sue the Public Service Commission. If the Utah legislature wanted to allow individuals to sue the Bureau it would have provided authorization to do so. *See, e.g, Sebelius v. Cloer*, 569 U.S. 369, 378 (2013) ("We have

long held that '[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'"). Thus, the court will dismiss the Bureau because it is not a separate suable entity.

   **III.    Defendant Marcus Yockey has immunity and will be dismissed**

Defendant Yockey argues he is entitled to absolute immunity and therefore must be dismissed. The Supreme Court has recognized that a "prosecutor is fully protected by absolute immunity when performing the traditional functions of an advocate, *see, e.g., Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (2000), but is protected only by qualified immunity when he is not acting as an advocate, as where he functions as a complaining witness in presenting a judge with a complaint and supporting affidavit to establish probable cause for an arrest, *see Malley v. Briggs*, 475 U.S. 335, 340–341 (1987)." *Kalina v. Fletcher*, 522 U.S. 118, 118 (1997). State attorneys and agency officials have also been given absolute immunity from suit for "performing certain functions analogous to those of a prosecutor …." *Butz v. Economou*, 438 U.S. 478, 515 (1978). For example, an agency official cannot be sued for deciding to initiate administrative proceedings against an individual or corporation. *See id.* Tenth Circuit courts have consistently applied the general rule that when an attorney acts in their capacity as an advocate for the government they are entitled to immunity. *See, e.g., Christensen v. Ward*, 916 F.2d 1462, 1474–75 (10th Cir. 1990) (dismissing claims of negligence against government attorneys who were performing their job because of immunity); *Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1373 (10th Cir. 1991) (noting "[a]bsolute immunity also has been extended to government lawyers involved in civil proceedings."); *Jenner v. Brightwell*, 2015 WL 1042065, at *6 (D.

5

Colo. Mar. 6, 2015) (finding the defendant was entitled to absolute immunity for actions at the "heart of the judicial process").

In short, the Supreme Court has stated that absolute immunity is "necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Butz*, 438 U.S. at 512. Here, Defendant Yockey was performing the traditional functions of an advocate related to his job. There is nothing to indicate otherwise. Thus, the court will dismiss Defendant Yockey.

**IV.     Defendant Judge Barry Lawrence is entitled to judicial immunity**

Whether or not Judge Barry Lawrence is entitled to judicial immunity rests upon similar principles as those set forth with Defendant Yockey. The Supreme Court has long established that generally, a judge is immune from a suit for money damages. *See, e.g.*, *Forrester v. White*, 484 U.S. 219 (1988); *Cleavinger v. Saxner*, 474 U.S. 193 (1985); *Dennis v. Sparks*, 449 U.S. 24 (1980); *Supreme Court of Va. v. Consumers Union of United States, Inc.*, 446 U.S. 719 (1980); *Butz*, 438 U.S. 478 (1978). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).

In this case, Mr. Jensen complains of actions Judge Lawrence took in exercising the authority vested in him. He had jurisdiction to rule as he did and there is no applicable exception to judicial immunity, such as a suit for prospective injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 536–543 (1984), that applies to this case. The court therefore will dismiss Judge Lawrence.

6

###     V.     Plaintiff's Motions for Default and Summary Judgment fail

Plaintiff's Motion for Default is based on a misunderstanding of the law. Defendants filed a timely motion to dismiss that is not an inadequate response with insufficient information as alleged by Mr. Jensen. The filing of a motion to dismiss is permissible under the Federal Rules. *See* Fed. R. Civ. P. 12. Thus, there is no reason to grant the motion for default.

Similarly, Plaintiff's Motion for Summary Judgment also fails. Rule 56 requires a party seeking summary judgment to cite "to particular parts of materials in the record" Fed. R. Civ. P. 56(A)(1)(A), forming the basis of the motion or legal authority showing they are entitled to relief. Mr. Jensen fails to meet these standards. Further, summary judgment is not appropriate for an alleged, but unfounded, assertion that "defendants response and hainess [sic] error of dishonesty and respect for the law" warrant summary judgment. (ECF No. 17 p 2.) There is simply no articulable basis for the court to grant Mr. Jensen's Motion for Summary Judgment.

### ORDER

Based upon the foregoing, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss is GRANTED;
2. Plaintiff's Motion for Default is DENIED;
3. Plaintiff's Motion for Summary Judgment is DENIED;
4. Plaintiff's motions for hearings are DENIED; and
5. This matter is HEREBY DISMISSED. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED this 6 November 2019.

Dustin B. Pead
United States Magistrate Judge